# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

ZACHARY E. MARSHALL,        )
           )
       Petitioner,      )
           )
      v.            )      No. 4:09CV1232 RWS
           )
MARTY ANDERSON,       )
           )
       Respondent.     )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because this matter was improperly filed under § 2241, the Court will dismiss the action without prejudice.

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, in Springfield, Missouri, petitions this Court for a writ of habeas corpus in which he challenges his underlying criminal conviction. See U.S. v. Marshall, No. 4:94CR56 JCH. As grounds for relief in habeas corpus, petitioner alleges that his constitutional rights were violated in his criminal case because he was misled to believe that there was a duly empaneled grand jury, and that he was otherwise conspired against by agents of the government.[1]

---

[1]Petitioner has filed several post-conviction motions and letters in his criminal case asserting these same grounds. See U.S. v. Marshall, No. 4:94CR56.

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255. See, e.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977). A review of petitioner's assertions makes it clear that he is attacking the validity of his conviction. Accordingly, the action is improperly filed under the provisions of 28 U.S.C. § 2241. Even if, however, the Court construed the current writ as brought pursuant to § 2255, the action would be subject to dismissal.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was sentenced April 27, 1995. His conviction was affirmed by the United States Court of Appeals on September 16, 1996, and the mandate was issued on October 24, 1996. See U.S. v. Zachary Marshall, No. 95-2171. There is no indication that petitioner filed a petition for writ of certiorari in the United States Supreme Court. For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. Clay v. United States, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is 90 days after the date of entry of the judgment appealed from. Supreme Court Rule 13(1). The time does not run from the date of mandate. Supreme Court Rule 13(3); Clay, 537 U.S. at 527, 529. A § 2255 movant therefore has one year and ninety days from the judgment of the appellate court within which to file a § 2255 motion. Accordingly, petitioner's application for writ, if construed under § 2255, would be more than eleven years past the statute of limitations, and as such, would be subject to dismissal as time-barred.

Lastly, to the extent, if any, that petitioner is challenging his incarceration at the Medical Center, the issue of his mental health commitment is currently pending before the United States District Court for the Western District of Missouri. <u>See</u> <u>U.S. v. Marshall</u>, No. 08-3452-CV-S-RED.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** without prejudice.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this __17th__ Day of August, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE